IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**RICHARD GRAVELY**,

      **Plaintiff,**

v.                                                                          Case No. 3:19-cv-00192

**ANTHONY MAJESTRO;**
**MARVIN W. MASTERS; and**
**BENJAMIN L. BAILEY,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff filed this *pro se* civil action on March 18, 2019, alleging that the defendants—who were co-lead counsel for plaintiffs in a class action lawsuit arising out of contaminated water in Kanawha County, West Virginia—maliciously colluded with the West Virginia American Water Company to have Plaintiff's claim dismissed. (ECF No. 2). Plaintiff asserts a cause of action for violations of his civil rights, as well as fraud, and seeks compensatory and punitive damages. (*Id.*). Pending are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and an initial screening by this Court pursuant to 28 U.S.C. § 1915(e)(2). (ECF Nos. 1, 2). With respect to Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, the Court **GRANTS** the application.

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management and submission of proposed findings of fact and recommendations

1

for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the undersigned **FINDS** that this Court lacks subject matter jurisdiction over the claims asserted; therefore, the complaint should be dismissed.

I.  **Relevant Facts**

On January 9, 2014, a storage tank owned and operated by Freedom Industries, Inc. sprouted a leak, spilling a coal processing chemical into the Elk River just above its confluence with the Kanawha River in downtown Charleston, West Virginia. *See Good v. Am. Water Works Co.,* No.: 2:14-cv-01374 (S.D.W. Va. Jan. 13, 2014). West Virginia American Water Company, which supplied water to 300,000 West Virginians residing in that area, allegedly failed to recognize the risk presented by Freedom Industries' storage tanks and thus allowed the chemical spill to taint the water supply. (*Id.*). This event spawned civil actions in both federal and state court; including, Plaintiff's *pro se* action, which was filed in federal court, consolidated with similar cases, and ultimately remanded to state court. *See Gravely v. West Virginia American Water Co.,* No.: 2:14-cv-014895 (S.D.W. Va. Apr. 16, 2014), at ECF No. 4.

In state court, Gravely's claim was consolidated with other similar claims and transferred to a Mass Litigation Panel ("MLP"). (ECF No. 7-3). Liaison counsel were selected by the MLP, and that counsel performed discovery in and managed the consolidated action pending in the Circuit Court of Kanawha County, West Virginia, styled *In Re: Water Contamination Litigation*, Civil Action No. 16-C-123. (*Id.*). According to Plaintiff, the defendants acted as Plaintiffs' Liaison Counsel. A settlement of the plaintiffs' claims against West Virginia American Water Company was subsequently reached in federal court. Under the settlement terms, affected plaintiffs had thirty days in

which to opt out, object, or appeal the settlement. After the requisite period passed, Liaison Counsel in the MPL moved the state court to dismiss claims that were effectively resolved by the federal class action settlement. *(Id.)*. Plaintiff's case was one of the actions Liaison Counsel moved to dismiss.

On September 21, 2018, Plaintiff appeared at a hearing before the MLP and notified that court that he had never received notice of the federal class action settlement. (ECF No. 7-3 at 5). Plaintiff was informed that the thirty days to opt out, object, or appeal the settlement had expired. Accordingly, the MLP dismissed Plaintiff's state complaint, with prejudice. (*Id.*). Upon entry of the dismissal order, Plaintiff was personally advised that he could appeal the ruling to the Supreme Court of Appeals of West Virginia within thirty days. (*Id.* at 6).

On March 18, 2019, Plaintiff filed the instant civil action, complaining that Plaintiffs' Liaison Counsel wrongfully and maliciously moved to dismiss his complaint. Plaintiff argues that the dismissal invaded his "protected interest 'civil right to hearing.'" (ECF No. 2 at 1-2). He claims that the defendants willfully misrepresented Plaintiff to be a member of the federal class action, which led the MLP to dismiss his pending state complaint. (*Id.* at 2). Plaintiff contends that he had a Sixth Amendment right to a hearing on his complaint, and the defendants willfully violated his right to due process. (ECF No. 7 at 1).

II. **Standard of Review**

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), the court must screen each case in which an individual seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The court must dismiss the case, or any part of it, if the complaint is

frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915.

A "frivolous" case has been defined as one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

As part of its initial screening, this Court may determine whether it has subject matter jurisdiction over the claims asserted by Plaintiff. *Lovern v. Edwards*, 190 F.3d

648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). The Court should *sua sponte* dismiss a case when subject matter jurisdiction is lacking. *Davis v. Pak,* 856 F.2d 648, 650 (4th Cir. 1988) ("It is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority."). "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, MD.,* 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, "[a] district court has 'an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it.'" *Greene v. Joyner,* No. JFM-17-688, 2017 WL 1194175, at *2 (D. Md. Mar. 30, 2017) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010)). Whether the court has jurisdiction depends upon the allegations contained in the complaint. *See Pinkley,* 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936) (holding "the party who seeks the exercise of jurisdiction in his favor … must allege in his pleadings the facts essential to show jurisdiction")). The mere assertion of a federal claim is insufficient to establish subject matter jurisdiction. *Davis,* 856 F.2d at 650.

      Subject matter jurisdiction in the United States District Courts exists when a "federal question" is presented, or when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. If jurisdiction is based on a federal question, the plaintiff must "assert a *substantial* federal claim." *Lovern,* 190 F.3d at 654) (quoting *Davis,* 856 U.S. at 650). The "doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a

5

pretext to allow a state-law issue, the real focus of the claim, to be litigated in the federal system. *Id.* at 655 (citing *Davis,* 856 U.S. at 651).

Here, Plaintiff alleges wrongdoing that purportedly entitles him to relief under 42 U.S.C. § 1983. Specifically, Plaintiff claims that the defendants violated his Sixth Amendment right to a hearing and deprived him of due process of law. Title 42 U.S.C. § 1983 provides as follows:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Title 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Bennett v. Gravelle*, 323 F. Supp. 203, 211 (D. Md.), *aff'd,* 451 F.2d 1011 (4th Cir. 1971); *see also Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 166 (1970) ("[T]here exists an unbroken line of decisions, extending back many years, in which this Court has declared that action 'under color of law' is a predicate for a cause of action under § 1983."). In order to state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) a person (the defendant) deprived the plaintiff

of a federally protected civil right, privilege or immunity and (2) that the defendant did so under color of state law. *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (quoting *Adickes,* 398 U.S. at 150). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978).

Plaintiff seeks to hold three private attorneys liable for alleged constitutional violations and for state law fraud. However, Plaintiff's complaint and supplemental complaint are devoid of any allegations establishing that these three attorneys acted in an official capacity with the State of West Virginia, or "under color" of state law when they represented private citizens in a mass tort case for the recovery of money damages. In *Conner v. Donnelly,* 42 F.3d. 220 (4th Cir. 1994), the United States Court of Appeals for the Fourth Circuit described the following situations in which conduct by a private person or entity would constitute "state action:"

> First, a private party that is regulated by the state acts under color of state law where there is a "sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself. Second a private party acts under color of state law where the State, through extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state. Finally, a private party acts under color of state law where "the private entity has exercised powers that are 'traditionally the exclusive prerogative of the state.'"

*Id*. at 224 (internal citations omitted). In the absence of facts establishing one of these situations, a § 1983 complaint against a private party must be dismissed as "[p]urely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983." *Perrin v. Nicholson*, No. CIV.A. 9:10-1111-HFF, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010), *report and recommendation adopted,* No.

CIV.A. 09:10-01111, 2010 WL 3892247 (D.S.C. Sept. 30, 2010); *see also Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).

Plaintiff describes no such circumstance in the instant action. To the contrary, Plaintiff indicates that the three defendants indirectly represented him in a class action against the West Virginia American Water Company, which is also a private actor. The law is well established that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing the traditional functions of a lawyer and, therefore, is not amenable to suit under § 1983. *Grondin v. Wood Co. Prosecutors Office*, No. 6:13-CV-11095, 2014 WL 794257, at *15 (S.D.W. Va. Feb. 27, 2014) (citing *Polk County v. Dodson,* 454 U.S. 312, 317–24) (stating that public defenders representing defendants in criminal proceedings do not act under the color of state law for § 1983 purposes); *Hall v. Quillen,* 631 F.2d 1154, 1155–56, n. 2, 3 (4th Cir. 1980) (holding that court-appointed counsel does not act under the color of state law for § 1983 purposes); *Deas v. Potts,* 547 F.2d 800, 800 (4th Cir. 1976) (finding that private counsel retained by a defendant in criminal proceedings does not act under the color of state law for § 1983 purposes); *Thomas v. Savage*, No. CV RDB-18-2952, 2018 WL 4777628, at *2 (D. Md. Oct. 3, 2018) ("An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.").

Given that the defendants are not state actors, subject matter jurisdiction in this case cannot rest on a "federal question." Accordingly, subject matter jurisdiction is only proper "if the amount in controversy exceeds $75,000 and there is complete diversity of citizenship, pursuant to 28 U.S.C. § 1332." *Shelton v. Crookshank*, No. 3:17-CV-108, 2018

WL 527423, at *2 (N.D.W. Va. Jan. 24, 2018), *aff'd as modified,* 742 F. App'x 782 (4th Cir. 2018). Considering the addresses provided by Plaintiff on the summonses, all of the defendants are presumed to be residents of West Virginia. Plaintiff offers no evidence to the contrary, although he carries the burden of demonstrating complete diversity. Consequently, in the absence of complete diversity of citizenship, Plaintiff's complaint must be dismissed in this Court, and his claims pursued in a state forum.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings herein and **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** for lack of subject matter jurisdiction, and this action be **REMOVED** from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Federal Rules of Civil Procedure 6(d) and 72(b), Plaintiff shall have fourteen days (for filing of objections) plus an additional three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989);

*Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** August 8, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge